**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP G. STEPHENS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEAN BORDERS, Warden,<br><br>　　　　Respondent. | ) Case No. CV 16-5660-SVW (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

　　The Court has reviewed the First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On August 23, 2017, Petitioner filed objections. He alleges that many of the Magistrate Judge's findings and conclusions are erroneous, but he does not and cannot challenge two principles underlying her analysis: under California law, the DSL sentencing scheme enacted in the late 1970s does not apply to certain serious crimes, including first-degree murder, which Petitioner was convicted of, see People v. Jefferson, 21 Cal. 4th 86, 92-93 (1999), and no clearly established U.S. Supreme Court authority holds that juveniles convicted of murder cannot be sentenced to life with the possibility of parole or be denied parole before a base term is

set, as Petitioner was and has been, see, e.g., Woods v. Donald, 135 S. Ct. 1372, 1377 (2015) (per curiam) (instructing habeas courts to consider whether Supreme Court has ever addressed "the specific question presented by this case" and not to define that question at "too high a level of generality" (citation omitted)). For both of these reasons, even if the Magistrate Judge did err in some respect, Petitioner cannot prevail.

And as the Magistrate Judge noted (R. & R. at 8-12), Petitioner relies exclusively on state law in support of his claims, primarily In re Butler, 236 Cal. App. 4th 1222, 1240-44 (Ct. App. 2015) (see, e.g., Objs. at 2, 4, 6-8 (discussing Butler)), and thus they are not cognizable on federal habeas review. See Magee v. Arnold, No. 2:15-cv-2318 GGH P, 2016 WL 232343 & 1060203, at *2 (E.D. Cal. Jan. 19 & Mar. 17, 2016) (rejecting as noncognizable claims similar to Petitioner's because "Butler deals with only with [sic] state administrative law"). Moreover, Butler existed when the state courts considered Petitioner's claims in his habeas petitions and nonetheless rejected them, and this Court is bound by those interpretations of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam). Petitioner attempts to distinguish the unfavorable federal authority upon which the Magistrate Judge relied, claiming that those cases concerned the Parole Board's "*parole-granting* functions," not its "*term-setting* obligations," as he addresses (Objs. at 4-6 (italics in original)); but then he acknowledges in the very next paragraph that the federal cases the Magistrate Judge discussed "did address the Board's failure to fix terms" (id. at 6). He argues that because those cases

involved adults and not juveniles, the issue has somehow been transformed into a federal one rather than one resting only on state law. (Id.)  But given the lack of clearly established federal law on the issue, that cannot be the case for purposes of federal habeas review.

Similarly, the Magistrate Judge did not misconstrue Petitioner's Eighth Amendment claim. (See Objs. at 7-8.)  But because it relies on state law (including state law interpreting the Eighth Amendment), not any clearly established federal law, it cannot prevail, as she recognized. (See R. & R. at 13.)  She also recognized that if it were construed as raising an Eighth Amendment claim resting on federal law that is clearly established, it would still fail. (See id. at 13-14.)  Indeed, Petitioner complains that the Magistrate Judge erroneously cited cases concerning "judicially imposed sentence[s]" and not the Parole Board's "refusal to set his primary term in light of his case factors" (Objs. at 8), but of course the clearly established law on which Petitioner relies in support of his Eighth Amendment claim, Miller v. Alabama, 567 U.S. 460 (2012) (see Objs. at 8 (citing Miller)), also concerned judicially imposed sentences, albeit statutorily required ones.  The Magistrate Judge cannot be faulted for addressing the "specific question" raised by the case upon which Petitioner bases his claim.

Having made a de novo determination of those portions of the R. & R. to which Petitioner objected, the Court accepts the Magistrate Judge's findings and recommendations.[1]  IT IS ORDERED

---

[1] Contrary to Petitioner's objections (see Objs. at 2-3),
(continued...)

3

that Judgment be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: November 15, 2017

                          STEPHEN V. WILSON
                          U.S. DISTRICT JUDGE

---

[1] (...continued) the Magistrate Judge did not find that the FAP was impermissibly successive, she merely noted that it might well be. (See R. & R. at 6 ("The FAP May Be Impermissibly Successive").) She nonetheless addressed Petitioner's claims on the merits. (See id. at 8-14.) The Court need not and does not rely on the successive-petition analysis.

4